# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| AMBER AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| MOHAWK ESV, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Mohawk ESV, Inc. is a Delaware corporation that is authorized to do business in the State of Georgia. Its principal office is located at 160 South Industrial Boulevard, Calhoun, Georgia, 30701. Its registered agent for service of process in Georgia is CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia, 30060.

## Facts

3. Plaintiff was employed by Defendant as a commercial customer service representative from approximately May 13, 2019 through July 7, 2020. Plaintiff worked at Defendant's corporate office in Calhoun, Georgia, and also worked from her home in Dalton, Georgia.

4. Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 and in 2020.

5. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

6. Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before she requested FMLA leave in June of 2020.

7. On approximately June 12, 2020, Plaintiff's doctor advised her that she needed a hysterectomy as a result of a medical condition. This surgery required inpatient hospital care.

8. On June 17, 2020, Plaintiff visited her doctor and underwent a pap smear.

9. On June 24, 2020, Plaintiff underwent a pre-operation sonogram/ultrasound.

10. In late June of 2020, Defendant granted Plaintiff FMLA intermittent

leave to care for her son, who had a mental disability.

11. Plaintiff's son's mental disability required continuing medical care, and it caused him to be unable to engage in regular daily activities.

12. In late June of 2020, Plaintiff requested FMLA leave so that she could undergo the hysterectomy that was ordered by her doctor. Defendant provided Plaintiff with FMLA paperwork and advised her to return a completed certificate of a serious medical condition by July 10, 2020.

13. On July 2, 2020, Plaintiff's doctor contacted Defendant and informed Defendant about Plaintiff's condition and her need for surgery.

14. On July 6, 2020, Plaintiff underwent a biopsy for her medical condition.

15. On July 7, 2020, Defendant terminated Plaintiff's employment.

16. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from exercising her FMLA rights by taking FMLA leave for her own medical condition and/or for her son's medical condition.

17. Defendant terminated Plaintiff's employment in retaliation for Plaintiff obtaining FMLA leave for her son's medical condition and/or requesting FMLA leave for her own medical condition.

18. If Defendant had not terminated Plaintiff's employment, she would

have continued to work in her position as a commercial customer service representative after taking the leave to which she was entitled under the FMLA.

19. Plaintiff has sustained and continues to sustain lost wages/income and lost benefits as a result of Defendant's termination of her employment.

## Defendants' Violations of the FMLA

### A. FMLA Coverage and Eligibility

20. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

21. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

22. Plaintiff had a serious medical condition as defined by 29 U.S.C. § 2611(11).

23. Plaintiff's son had a serious medical condition as defined by 29 U.S.C. § 2611(11).

24. Pursuant to 29 U.S.C. § 2612(a)(1)(C) and (D), Plaintiff was entitled to FMLA leave of up to a limit of 12 weeks for her son's medical condition and/or her own medical condition.

### B. Count 1—Interference with Plaintiff's Exercise of FMLA Rights

25. Plaintiff was entitled to FMLA leave due to her son's medical

condition and due to her own medical condition.

26. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

27. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

28. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

### C. Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights

29. By obtaining FMLA leave for her son's medical condition and requesting FMLA leave for her own medical condition, Plaintiff engaged in protected activity under the FMLA.

30. Defendant terminated Plaintiff's employment in retaliation for her obtaining FMLA leave for her son's medical condition and/or requesting FMLA leave for her own medical condition.

31. By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

32. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

### D. **Plaintiff's Entitlement to Recover Damages Under the FMLA**

33. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

34. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

35. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

36. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) loss of benefits;

(d) interest;

(e) liquidated damages;

(f) expert fees;

(g) attorneys' fees and costs; and

(h)  all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff